KAREN K. SPECIE, Chief U. S. Bankruptcy Judge
THIS CASE is before the Court upon the unopposed Chapter 13 Trustee's ("Trustee") Motion to Dismiss with Prejudice (the "Motion," Doc. 40). For the reasons set forth below, I find that the Motion is due to be granted, and this Chapter 13 case dismissed, with prejudice.
Debtor filed the petition commencing this case on July 26, 2018.[1] This is Debtor's third Chapter 13 case filed in this District within two (2) years.[2] Debtor's most recent prior two cases were dismissed due to her failure to file documents as required under 11 U.S.C.§ 521 of the Bankruptcy Code.[3]
In the instant case, Debtor has filed only a mailing matrix and a motion requesting additional time within which to file required papers, including Schedules, a Certificate of Credit Counseling and a Chapter 13 Plan.[4] Debtor failed to appear at the § 341 Meeting of Creditors, failed to provide her 2016 and 2017 income tax returns to the Trustee and has not replied to the Motion. In Debtor's most recent prior cases, filed in June of 2017 and February of 2018, she failed to file even a creditor mailing matrix and those two cases were dismissed.[5] In none of the most recent *919 prior cases, nor in the instant case, has Debtor filed a Certificate of Credit Counseling, although in the instant case Debtor represented in her Petition that she had obtained a briefing from an approved credit counseling agency.[6]
On July 27, 2018 in the instant case this Court issued a standard "duties of the debtor" order.[7] Debtor has failed to comply with the requirements of that Order.
On August 9, 2018, Debtor filed an unsigned motion requesting forty-five (45) additional days within which to file Schedules, a Chapter 13 Plan and other documents.[8] She signed the motion on August 9, 2018 and re-filed it on August 24, 2018. In paragraph 6 of the re-filed motion Debtor requested an extension of 45 days within which to file missing documents; in the final paragraph of that motion Debtor requested through September 24, 2018 within which to file the missing documents.[9] September 24, 2018 has come and gone, and so has forty-five (45) days from August 9, 2018 which, as the Trustee points out in her Motion, was October 8, 2018.[10] Since filing her motion for extension of time, Debtor has filed nothing in the instant case.
11 U.S.C.§ 109(g) provides, in pertinent part:
no individual ...or may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if-(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court...[11]
11 U.S.C.§ 109(h)(1) provides that no individual may be a debtor under any chapter of the Bankruptcy Code unless he or she obtains credit counseling within 180 days before filing the petition.[12] 11 U.S.C.§ 521(b)(1) requires that a debtor file a certificate of credit counseling.[13] For her failure to obey this Court's Order to Show Cause and "duties of the debtor" Order, and failure to obtain credit counseling or file a Credit Counseling Certificate, Debtor's case should be dismissed.
In her Motion the Trustee also alleges that this case should be dismissed because it appears that Debtor is not making a legitimate use of the bankruptcy code and has filed this case in bad faith.[14] While that appears to be true, and although the Trustee's Motion is well-taken and should likely be granted on that basis, such a ruling would require an evidentiary hearing. On the other hand, no evidentiary hearing is necessary to dismiss this case with prejudice due to Debtor's failure to abide by Orders of this Court and file a Certificate of Credit Counseling.
For the reasons stated, it is ORDERED:
1. The Trustee's Motion to Dismiss with prejudice is GRANTED. This case is *920 DISMISSED. Debtor is prohibited from filing a new petition for relief within 180 days from the date of this Order.
2. Other pending motions, if any, are DENIED as moot. The hearings currently scheduled for October 18, 2018 are canceled.
3. After the expiration of 180 days from the date of this Order, if Debtor seeks to file another bankruptcy petition in this Court, the Clerk is authorized and directed to refuse to accept any petition until and unless any fees that may be due from this Debtor to the Clerk of the Court are paid in full.
DONE AND ORDERED on October 15, 2018.

Doc. 1.

In re Hernandez, Case No.: 18-40093-KKS (Bankr. N.D. Fla); In re Hernandez, Case No.: 17-40284-KKS (Bankr. N.D. Fla).

This appears to be Debtor's fifth case in this District since first filing a joint Chapter 7 petition with Arturo Hernandez on November 8, 1996. In re Hernandez, Case No.: 96-07611-LMK (Bankr. N.D. Fla). Debtor, with counsel, commenced her second (and first sole) case by filing a Chapter 7 petition on August 24, 2015. In re Hernandez, Case No.: 15-40450-KKS (Bankr. N.D. Fla). That case was dismissed without a discharge on the motion of the Chapter 7 Trustee due to Debtor's failure to attend the § 341 Meeting of Creditors. In re Hernandez, Case No.: 15-40450-KKS, Doc. 29, Order Granting Trustee's Motion to Dismiss for Failure to Attend 341 Creditors' Meeting , (Bankr. N.D. Fla).

Docs. 30 and 31.

See In re Hernandez, Case No.: 17-40284-KKS, Doc.10, Order Dismissing Case for Failure to Comply with Order to Show Cause (Doc. 3) (Bankr. N.D. Fla); In re Hernandez, Case No.: 18-40093-KKS, Doc.17, Order Dismissing Case for Failure to Comply with Order to Show Cause (Doc. 8) and Doc.8, Order to Show Cause (Bankr. N.D. Fla).

Doc. 1, p. 5.

Order Establishing Duties of the Debtor and Chapter 13 Trustee, Adequate Protection of Secured Claims, Allowance of Administrative Expenses, and Confirmation Procedures, Doc. 7.

Doc. 19.

Doc. 30.

Doc. 39, ¶ 5.

11 U.S.C.§ 109(g)(1)(2016).

11 U.S.C.§ 109(h)(1)(2016).

11 U.S.C.§ 521(b)(1)(2018).

Doc. 40, ¶ 2.